UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JON MARTIN (TRUST),<br><br>Plaintiff,<br><br>v.<br><br>VA REGIONAL SAN DIEGO BENEFIT OFFICE, *et al.*,<br><br>Defendants. | Case No. 15-cv-290-BAS(DHB)<br><br>**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)** |

Plaintiff David Jon Martin (Trust), a non-prisoner proceeding *pro se*, filed a complaint for "immediate payment and . . damages . . . for years of hardship, Breach of Covenant, and civil right [sic] violations, by Veteran Affairs its agencies, agents and contractors." Plaintiff also concurrently filed a motion for leave to proceed *in forma pauperis* ("IFP") and a motion for preliminary injunction. (ECF Nos. 2, 3.) The former motion was granted, and the latter denied. (ECF No. 4.)

### I. *SUA SPONTE* SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is

1 "frivolous, malicious, failing to state a claim upon which relief may be granted, or
2 seeking monetary relief from a defendant immune from such relief." 28 U.S.C. §
3 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions
4 of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d
5 1122, 1126-27 (9th Cir. 2000) (en banc).

Prior to its amendment by the Prison Litigation Reform Act, the former 28 U.S.C. § 1915(d) permitted *sua sponte* dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1130. Section 1915(e)(2), however, mandates that the court reviewing a complaint filed pursuant to the IFP provisions of § 1915 make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Federal Rule of Civil Procedure 4(c)(3). *Lopez*, 203 F.3d 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting the "the language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). As currently pleaded, it appears as though Plaintiff's complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) because it fails to state a claim upon which relief may be granted.

In a two-page handwritten complaint, Plaintiff alleges that he "has made past claims for pension and service-connection, but all have been denied by Veteran Affairs" despite the existence of a contract that is "'more than an employment agreement,' impl[ying] a higher contract, one of sacrifice, or 'shedding of blood' found in 'law of nations[.]'" (Compl. 1.) He ends his complaint requesting "immediate payment and that damages be assessed for years of hardship, Breach of Covenant, and civil right [sic] violations, by Veteran Affairs[,] its agencies, agents and contractors." (*Id.* at 2.)

To the extent that a liberal construction of Plaintiff's complaint indicates that he seeks to recover damages for civil-rights violations under 42 U.S.C. § 1983, Plaintiff

fails to allege facts to sustain a cognizable claim. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal citations omitted); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). It imposes two essential pleading requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327, 328 (1986); *see Haygood v. Younger*, 769 F.2d 150, 1354 (9th Cir. 1985) (en banc).

Plaintiff fails to allege any facts from which this Court could even liberally construe a claim for violation of Plaintiff's constitutional rights. In fact, no specific constitutional right is even mentioned anywhere in the complaint or its accompanying document.

Similarly, Plaintiff fails to allege any facts from which this Court could liberally construe a claim for breach of covenant, which this Court interprets to mean a claim for breach of the covenant of good faith and fair dealing. Every contract contains an implied-in-law covenant of good faith and fair dealing. *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 683-84 (1988). "[T]he burden imposed is that neither party will do anything which will injure the right of the other to receive the benefits of the agreement. Or, to put it another way, the implied covenant imposes upon each party the obligation to do everything that the contract presupposes they will do to accomplish its purpose." *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1393 (1990) (internal quotation marks and citations omitted). "The precise nature and extent of the duty imposed by such an implied promise will depend on the contractual purposes." *Egan v. Mut. of Omaha Ins. Co.*, 24 Cal. 3d 809, 818 (1979). There are simply no facts provided that present a plausible claim for a breach of the covenant of good faith and fair dealing.

From the Court's independent research, it was unable to identify any claim that could be liberally construed for "years of hardship."

While the Court must construe his *pro se* pleadings liberally, it may not "supply elements of [a] claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 278 (9th Cir. 1982). Here, even upon liberally construing his complaint, Plaintiff fails to provide the necessary facts to sustain a plausible claim for a civil-rights claim or a claim for the breach of the covenant of good faith and fair dealing.

## II.    CONCLUSION & ORDER

In light of the foregoing, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). If Plaintiff still wishes to continue to proceed with this matter, he must SUBMIT AN AMENDED COMPLAINT WHICH ADDRESSES ALL THE DEFICIENCIES OF PLEADING SET FORTH ABOVE no later than April 27, 2015. If Plaintiff's amended complaint still fails to state a claim upon which relief can be granted, it will be dismissed with prejudice and without any further leave to amend. *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996) (holding that court may dismiss action pursuant to Federal Rule of Civil Procedure 41(b) if Plaintiff fails to comply with previous court order regarding amendment).

The Court also **DENIES WITHOUT PREJUDICE** Plaintiff's motion for an order directing the U.S. Marshals Service to serve the summons and complaint on the defendants because the motion is premature at this time.

**IT IS SO ORDERED.**

**DATED: March 26, 2015**

*Cynthia Bashant*
**Hon. Cynthia Bashant**
**United States District Judge**