1
2
3
4
5
6
7
8
9
10

## UNITED STATES DISTRICT COURT

11

## SOUTHERN DISTRICT OF CALIFORNIA

12
13

DAVID JON MARTIN (TRUST),

Plaintiff,

14
15

v.

16
17

VA REGIONAL SAN DIEGO
BENEFIT OFFICE, *et al.*,

18

Defendants.

Case No. 15-cv-290-BAS(DHB)

**ORDER GRANTING
DEFENDANTS' MOTION TO
DISMISS**

**[ECF No. 29]**

19
20

On February 12, 2015, Plaintiff David Jon Martin (Trust), proceeding *pro se*,

21

commenced this action for alleged constitutional violations and breach of contract

22

arising from the denial of pension benefits against Defendants VA Regional San Diego

23

Benefit Office ("VA"), Gary Chesterton, Patrick Prieb, and "Assistant Director /

24

Agents and / or Assigns."  Defendants now move to dismiss this action pursuant to

25

Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Plaintiff opposes.

26

The Court finds this motion suitable for determination on the papers submitted

27

and without oral argument.  *See* Civ. L.R. 7.1(d)(1).  For the following reasons, the

28

Court **GRANTS** Defendants' motion to dismiss.

## I.    LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

"Subject matter jurisdiction based upon diversity of citizenship requires that no defendant have the same citizenship as any plaintiff." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (per curiam), *abrogated on other grounds by Hertz Corp v. Friend*, 130 S. Ct. 1181 (2010). Alternatively, federal district courts also have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A plaintiff suing in federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court . . . on discovering the [defect], must dismiss the case, unless the defect be corrected by amendment." *Tosco*, 236 F.3d at 499 (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)).

## II.    ANALYSIS

Defendants challenge this Court's subject matter jurisdiction over both claims Plaintiff asserts in his First Amended Complaint ("FAC"). With respect to Plaintiff's allegation that Defendants wrongfully denied his claims for pension benefits, Defendants argue that district courts lack jurisdiction over VA benefit disputes under *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013 (9th Cir. 2012) and the Veterans' Judicial Review Act ("VJRA"). (Defs.' Mot. 2:15–3:12.) With respect to the breach-of-contract claim, Defendants argue that district courts lack jurisdiction over

contract claims against the United States pursuant to the Contract Disputes Act ("CDA") in conjunction with the Tucker Act and the Little Tucker Act. (Defs.' Mot. 3:13–4:10.) Plaintiff believes Defendants are mistaken based on various theories.

### A.   *Veterans for Common Sense* and the VJRA

In *Veterans for Common Sense*, the Ninth Circuit examined the VJRA, 38 U.S.C. § 511, and concluded that "§ 511 precludes jurisdiction over a claim if it requires the district court to review 'VA decisions that relate to benefits decisions,' including 'any decision made by the Secretary in the course of making benefits determinations.'" *Veterans for Common Sense*, 678 F.3d at 1025 (citations omitted). The court went on to explain that "[t]his standard is consistent with Congress's intention to 'broaden the scope' of the judicial preclusion provision . . . and is reflected in § 511's plain statement that [federal courts] may not review 'a decision by the Secretary under a law that affects the provision of [veterans'] benefits[.]'" *Id.* (citations omitted). "This preclusion extends not only to cases where adjudicating veterans' claims requires the district court to determine whether the VA acted properly in handling a veteran's request for benefits, but also to those decisions that may affect such cases." *Id.* "If that test is met, then the district court must cede any claim to jurisdiction over the case, and parties must seek a forum in the Veterans Court and the Federal Circuit." *Id.* at 1026.

In the FAC, Plaintiff alleges the following:

> On multiple occasions the Veteran made claims for a pension since 2007 only to be denied summarily because the United States Department of Veteran Affairs and its agencies have stated the Veteran's military service was during peacetime. Because of these denials[,] the Veteran is stating his 5th Amendment of the U.S. Constitution of due process, equal protection under the law has been violated by Defendant and loss of property, a pension, has affected his life, and liberty.

(FAC 1.) In essence, Plaintiff alleges that the VA acted improperly in denying his pension claim. These allegations clearly demonstrate that Plaintiff seeks review of the VA's denial of his claim for pension benefits, which, as stated in *Veterans for Common Sense*, is outside the scope of this Court's subject matter jurisdiction. As the Ninth

Circuit instructed in *Veterans for Common Sense*, this Court must cede jurisdiction over Plaintiff's claim challenging the VA's denial of pension benefits, and Plaintiff "must seek a forum in the Veterans Court and the Federal Circuit." *Veterans for Common Sense*, 678 F.3d at 1025.

Accordingly, having also reviewed Plaintiff's opposition, which fails to address the impact of *Veterans for Common Sense* and the VJRA, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's constitutional claim and any other potential claim arising from the VA's denial of pension benefits. *See Veterans for Common Sense*, 678 F.3d at 1025.

## B.    The CDA and Tucker Act

The CDA applies to any express or implied contract made by an executive agency for: (1) the procurement of property, other than real property; (2) the procurement of services; (3) the procurement of construction, alteration, repair, or maintenance of real property; or (4) the disposal of personal property. 41 U.S.C. § 7102 (formerly cited as 41 U.S.C. § 602). Under the CDA, claims are first submitted in writing to the contracting officer, who must issue a decision in writing. 41 U.S.C. § 7103. Upon receipt of the contracting officer's final decision, the contractor must elect either to appeal the decision to either the appropriate board of contract appeals or the Court of Federal Claims. *Id.* § 7104(a)-(b).

Under the Tucker Act, "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Little Tucker Act grants the district court jurisdiction to hear a "claim against the United States, not exceeding $10,000 in amount founded . . . upon any express or implied contract with the United States . . . in cases not sounding in tort[.]" 28 U.S.C. § 1346(a)(2). These provisions, read

together, "create a presumption of the exclusive jurisdiction in the Court of Federal Claims [for contract claims over $10,000], but that presumption can be overcome by an independent statutory grant of jurisdiction to another court." *Tritz v. U.S. Postal Serv.*, 721 F.3d 1133, 1137 (9th Cir. 2013); *see also Suburban Mortg. Assocs., Inc. v. U.S. Dep't of Hous. & Urban Dev.*, 480 F.3d 1116, 1121 (Fed. Cir. 2007).

Insofar as Plaintiff asserts a contract claim in the amount of $18,000,000, this Court lacks jurisdiction under both the CDA and Tucker Act. *See* FAC 1 ("The Veteran is also claiming that there is a contract breach by the Defendant because of nonperformance after notification of the usurpation of these rights."). Under both statutes, the appropriate forum for Plaintiff's contract claim, assuming he fulfilled his statutory obligations, such as, for example, first submitting a claim to the contracting officer under the CDA, is the Court of Federal Claims. *See* 41 U.S.C. § 7104(a)-(b); 28 U.S.C. § 1491(a)(1). Consequently, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's contract claim.

## C.    Federal Torts Claim Act

The Federal Torts Claim Act ("FTCA") waives sovereign immunity of the United States for certain torts committed by federal employees. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 477 (1994) (citing 28 U.S.C. § 1346(b)). The FTCA provides that district courts have exclusive jurisdiction of civil actions against the United States for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee" of the federal government while acting within the scope of his office or employment. 28 U.S.C. § 1346(b).

The United States is the only proper defendant in a suit brought pursuant to the FTCA. *Fed. Deposit Ins. Corp. v. Craft*, 157 F.3d 697, 706 (9th Cir. 1988); *Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998). "A claim against [a federal agency] in its own name is not a claim against the United States." *Kennedy*, 145 F.3d

15cv290

at 1078.  An agency is not a proper defendant under the FTCA.  *Craft*, 157 F.3d at 706.

Furthermore, "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993).  "The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA, and, as such, should be affirmatively alleged in the complaint." *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980).

It is unclear from the complaint whether Plaintiff is pursuing a tort claim.  But if he is, he fails to satisfy at least two requirements under the FTCA.  First, Plaintiff fails to name the United States as the defendant; instead, he names an agency and several individuals as defendants.  *See Kennedy*, 145 F.3d at 1078.  And second, Plaintiff fails to affirmatively allege in the FAC that he timely filed an administrative claim with the appropriate agency.  *See Gillespie*, 629 F.2d at 640.  Therefore, insofar as Plaintiff asserts a tort claim, the Court **DISMISSES WITHOUT PREJUDICE** the tort claim.

## III.   CONCLUSION & ORDER

In light of the foregoing, the Court finds that it lacks subject matter jurisdiction over Plaintiff's action and **DISMISSES WITHOUT PREJUDICE** this action in its entirety.  *See Tosco*, 236 F.3d at 499.

**IT IS SO ORDERED.**


**DATED: October 5, 2015**

**Hon. Cynthia Bashant**
**United States District Judge**